881 P.2d 52

**In the Matter of Glen R. WILLIAMSON, Esq., An Attorney Licensed to Practice Law in the Courts of the State of New Mexico.**

No. 22185.

Supreme Court of New Mexico.

Sept. 7, 1994.

David A. Baca, Albuquerque, for Disciplinary Bd.

Sam A. Westergren, Santa Fe, for respondent.

### OPINION

PER CURIAM.

This matter came before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to 17–316 (Repl. Pamp.1991 and Cum.Supp.1994). Glen R. Williamson, in accordance with an agreement not to contest and consent to discipline reached pursuant to Rule 17–211(A), does not contest the allegations that he committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl.Pamp.1991 and Cum.Supp.1994). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the disciplinary board's acceptance of Williamson's consent to discipline and impose a period of probation.

On or about April 14, 1992, Randy Jahn retained Williamson to represent him on an appeal following the revocation of Jahn's driver's license by the New Mexico Department of Motor Vehicles. Jahn paid Williamson $1,333.50 for this representation. Subsequently, Jahn attempted to contact William-

son by telephone and through correspondence. Williamson did not respond to Jahn's efforts to obtain information regarding the status of the appeal, nor did Williamson take any action on behalf of the client. Subsequently, Jahn submitted a disciplinary complaint to the Disciplinary Board. Disciplinary counsel was unsuccessful in attempts to obtain a response to the Jahn complaint from Williamson. The foregoing allegations were contained in the amended specification of charges and Williamson agreed not to contest said allegations that his conduct violated SCRA 1986, 16–101, 16–102, 16–103, 16–104(A), 16–105(A), 16–115(B), 16–116(D), 16–803(D), 16–804(D), and 16–804(H).

On or about April 26, 1989, Williamson agreed to represent David Bolm with regard to a personal injury case. Williamson filed a lawsuit on behalf of Bolm. Thereafter, Williamson failed to take the necessary steps to pursue the litigation on behalf of Bolm. The district court subsequently notified Williamson that the lawsuit would be dismissed for lack of activity after a period of six months. A second court notice advised Williamson that the Bolm lawsuit would be dismissed for lack of prosecution after a period of six months. On or about November 18, 1991, the district court entered an order dismissing the case for lack of activity. During the course of the representation, Bolm attempted to contact Williamson in order to determine the status of the case. Williamson failed to return telephone calls and was not available for consultation when requested by the client.

The allegations arising from Williamson's representation of Bolm were contained in the amended specification of charges. Williamson agreed not to contest allegations that his conduct in regard to his representation of Bolm violated SCRA 1986, 16–101, 16–102, 16–103, 16–104(A), 16–804(D), and 16–804(H).

On or about November 28, 1989, Percy Gonzales retained Williamson to represent him regarding injuries received in an accident that occurred at the Central New Mexico Correctional Facility at Los Lunas. Williamson subsequently filed a lawsuit on behalf of Gonzales. Thereafter, Williamson took no further action on behalf of Gonzales and failed to take necessary steps to pursue the litigation. The district court subsequently entered an order dismissing the Gonzales lawsuit for inactivity, finding that no significant activity had taken place in the case since the filing of the lawsuit. In the course of the representation, Gonzales was unable to contact Williamson and, despite efforts to reach Williamson by telephone, Williamson failed to return telephone calls to Gonzales or his family.

As part of the agreement not to contest and consent to discipline, Williamson agreed not to contest allegations contained in the amended specification of charges that his conduct during his representation of Gonzales violated SCRA 1986, 16–101, 16–102, 16–103, 16–104(A), 16–804(D), and 16–804(H).

In addition to the aforementioned allegations, as part of the agreement not to contest and consent to discipline, Williamson agreed not to contest allegations contained in three other counts contained in an amended specification of charges that included allegations of violations of Rules 16–101, 16–102, 16–103, and 16–104(A) and 16–803(D).

In accepting the board panel recommendation regarding the disposition of this case, we find that due to mitigating factors an actual term of suspension is unnecessary in this case. The hearing committee in its decision and recommendation noted that the Williamson's conduct appeared to be the result of poor caseload management, lack of organization, and poor judgment. Accordingly, the recommendation of the hearing committee, as adopted by the disciplinary board, was that a period of probation is appropriate in this case.

**IT IS THEREFORE ORDERED** that the conditional agreement not to contest and consent to discipline hereby is approved and that, pursuant to Rule 17–206(A)(2), Glen R. Williamson is hereby suspended from the practice of law for a six-month period of time. Pursuant to Rule 17–206(B)(1), the imposition of said suspension is hereby deferred for a period of twelve (12) months, and Williamson shall be placed on probation for a period of one year on the following terms and conditions:

1. During the period of probation, Williamson shall be supervised by a licensed New Mexico attorney approved by the disciplinary board;

2. Williamson shall meet with the probationary supervisor at times and places directed by the probationary supervisor and accept instructions regarding appropriate record keeping and law office management procedures;

3. Williamson shall meet with the probationary supervisor at times and places directed by the probationary supervisor and perform an inventory of his caseload and its status and that, if directed by the probationary supervisor, reduce his caseload to a manageable level and thereafter restrict his caseload to a manageable level as determined by the probationary supervisor;

4. Williamson shall accept instruction from his supervisor regarding the development of a system for prompt communication with clients and opposing counsel and demonstrate his understanding of these matters to the satisfaction of his supervisor;

5. Williamson shall confer with his supervisor at least one time each month about the volume of his caseload and shall abide by the supervisor's determination of whether he may accept new cases and, if so, the number of new cases he may accept, which determination shall be based upon a showing that he has sufficient time to handle that number of new cases with reasonable diligence, including but not limited to having sufficient time to promptly communicate with clients and opposing counsel concerning the matter;

6. Williamson shall follow all reasonable directions of his probation supervisor in a prompt and satisfactory manner;

7. Williamson shall observe all Rules of Professional Conduct and Rules Governing Discipline during his probationary period;

8. Within thirty (30) days of the commencement of the period of probation, Williamson shall provide disciplinary counsel with a statement from a physician and/or therapist confirming that he has continued the course of treatment previously recommended by his treating physician and that he currently is able to perform and complete his work as an attorney. During the probationary period, if recommended by the probationary supervisor or requested by disciplinary counsel, he shall obtain treatment and therapy from licensed physicians, therapists and/or counselors;

9. The probationary supervisor shall obtain prior relevant records and obtain reports from his treating physicians and/or counselors during the twelve (12) months period of deferment, and shall ensure that he complies with the treatment and counseling procedures recommended by said physicians and/or counselors;

10. Williamson shall otherwise give his full and prompt cooperation to disciplinary authorities pursuant to SCRA 1986, 16-803(D), and shall not violate any of the Rules of Professional Conduct during his probationary period;

11. Williamson shall make restitution to Randy Jahn in the amount of $1,333.00. This restitution is made without admission of any liability to Randy Jahn;

12. Williamson shall make restitution to Percy Gonzales and Margi Gonzales in the amount of $591.50. This restitution is made without admission of any liability to Percy Gonzales and Margi Gonzales;

13. Williamson shall respond promptly and timely, without extensions, to any and all complaints filed with the disciplinary board after the date hereof, along with any requests from disciplinary counsel for additional information relating to such complaints;

14. Any failure to comply with any of the terms and conditions of the agreement not to contest and consent to discipline or any order of the disciplinary board or this Court imposing discipline shall be brought to the attention of the Supreme Court by way of a verified motion for order to show cause and Williamson will be subject to the contempt powers of the Supreme Court as provided by Rule 17-206(G);

15. Following the completion of the one year probationary period Williamson shall provide adequate documentation that he

has successfully completed the term of probation and fully complied with the provisions of SCRA 1986, 17–214(H), in order to be terminated from probationary status.

**IT IS FURTHER ORDERED** that this opinion be published in *New Mexico Reports* and *Bar Bulletin.*

**IT IS FURTHER ORDERED** that the costs of this action in the amount of $266.17 are assessed against Williamson.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and RANSOM, BACA, FRANCHINI and FROST, JJ., concur.